```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF CONNECTICUT

ROSARIO ROGERS and              :
ANTHONY ROGERS                  :
                                :
                                :      CIV. NO. 3:08CV1899(WWE)
     v.                         :
                                :
HOUSING AUTHORITY OF THE        :
TOWN OF STRATFORD               :
```

DISCOVERY RULING: Defendant's Motion to Quash [Doc. #31]

Pending is Defendant's Motion to Quash [Doc. #31]. The Court heard oral argument on July 9, 2009. After careful consideration, Defendant's Motion to Quash **[Doc. #31] is DENIED.**

Plaintiffs brought this action against defendant for violation of the Fair Housing Amendments Act of 1988. 42 U.S.C. §3604(f)(3)(B). Mrs. Rogers has been diagnosed with depression and is a person with a disability under the FHAA.

Standard of Review

Rule 26(b)(1) of the Federal Rules of Civil Procedure sets forth the scope and limitations of permissible discovery. Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P.26(b)(1). Information that is reasonably calculated to lead to the discovery of admissible

1

evidence is considered relevant for the purposes of discovery. *See* <u>Daval Steel Prods. V. M/V Fakredine</u>, 951 F.2d 1357, 1367 (2d Cir. 1991); <u>Morse/Diesel, Inc. Fidelity & Deposit Co.</u>, 122 F.R.D. 447, 449 (S.D.N.Y. 1988).

<u>Discussion</u>

One of plaintiffs' claims is that after they filed a fair housing complaint against the Housing Authority, it retaliated against them by auditing the last five years of their tenant file and, based on that audit, claimed they had under-reported income and owed back rent.  Defendant asserts as a special defense that plaintiffs "failed to report income earned...during...the years 2005, 2006, 2007 and 2008."  Amended Answer at 4.  Plaintiffs believe that they did properly report income and that the defendant's employee, Dorothy Prioleau, failed to properly report it.  Plaintiffs seek this information because Ms. Prioleau was the individual responsible for their file from 2005 until 2007 and may have erred or mishandled their information during that time.

The parties agreed to limit the request to documents relating directly to the Rogers' family and information about Ms. Prioleau's job performance record, including reviews, complaints, etc.; her current or last known address; and all records for the period during which it is claimed the Rogers under-reported rent.

After a review of Ms. Prioleau's file, defendant's counsel determined that there is nothing in the file relating to the Rogers.  However, defendant objects to the disclosure of

2

information regarding Ms. Prioleau's job performance on the ground that the request is overly broad and disclosure would be a violation of Ms. Prioleau's privacy.

After an in camera review of the file, the Court finds that only some of the information is relevant to the plaintiff's claims and will designate those portions of the file to be turned over to plaintiffs subject to a protective order.  When the parties agree on the language of the protective order, it is to be submitted to the Court.[1]  Accordingly, Defendant's Motion to Quash **[Doc. #31]** is **DENIED**.

This is not a recommended ruling.  This is a discovery ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review.  28 U.S.C. § 636 (b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.


ENTERED at Bridgeport this 30th day of July 2009.


　　　　　　　　　　　　　　　　　　 /s/
　　　　　　　　　　　　　　　　　　HOLLY B. FITZSIMMONS
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiffs filed a proposed protective order with their Objection to Motion to Quash. [Doc. #35].